**STATE OF NORTH CAROLINA, Respondent.**

v.

**Jeredene ALSTON, Roosevelt Atwater, Walter Mitchell, et al., Petitioners.**

**No. Cr-M-1-64.**

United States District Court
M. D. North Carolina,
Greensboro Division.

March 20, 1964.

F. B. McKissick and C. C. Malone, Jr., Durham, N. C., and Moses C. Burt, Jr., Burlington, N. C., for petitioners.

T. W. Bruton, Atty. Gen. of North Carolina, and Ralph Moody, Deputy Atty. Gen. of North Carolina, Raleigh, N. C., and Thomas D. Cooper, Jr., Solicitor of the Tenth-A Solicitorial District of North Carolina, Burlington, N. C., for respondent.

STANLEY, Chief Judge.

On March 2, 1964, counsel for Jeredene Alston, Roosevelt Atwater, Walter Mitchell, and 214 other state court defendants, filed a consolidated petition, pursuant to 28 U.S.C.A. §§ 1441–1450, removing 734 criminal proceedings from the Superior Court of Orange County, North Carolina, to this court. Jurisdiction is. invoked pursuant to the provisions of 28. U.S.C.A. § 1443.[1] The petition was verified only by counsel, and no copy of any state court process, pleading or order served upon any defendant was attached. The removal petition referred to the various defendants as having been charged with " * * * acts of trespass and other offenses in connection therewith. such as disorderly conduct, resisting ar--

---

1. "Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
   "(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
   "(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do. any act on the ground that it would be in-- consistent with such law."

rest and obstructing sidewalks around and upon licensed premises * * *."

On March 4, 1964, the court entered an order requiring the State of North Carolina to file written answer to the petition not later than March 12, 1964. The order further required the petitioners, not later than March 12, 1964, to file a written brief citing all authorities upon which they relied in support of their claim that the cases had been providently removed and that this court had jurisdiction. There was also a requirement that the brief contain a statement of all charges pending against each defendant. On March 5, 1964, the State of North Carolina filed its written answer to the removal petition, which was accompanied by a motion to remand the proceedings to the Superior Court of Orange County for trial or other disposition according to the laws of the State of North Carolina, and a brief in support of its motion. On March 6, 1964, the court entered a further order calendaring the motion to remand for hearing on March 17, 1964. On March 12, 1964, the petitioners filed their brief in support of their claim that the cases had been providently removed and that this court had jurisdiction.

The removal petition refers to 734 criminal offenses pending against 217 defendants, as follows:

Trespass .................192 offenses
Resisting arrest ..........353     "
Disorderly conduct ........ 12     "
Obstructing sidewalks ..... 35     "
Obstructing traffic ........ 40     "
Obstructing public highway  96     "
Assault on female ........  4     "
Forcible trespass .........  1 offense
Assault and battery .......  1     "

In substance, the petitioners allege that they are Negro citizens, or white citizens in the company of Negro citizens; that all of the criminal charges grew out of their efforts to enter licensed premises in the Town of Chapel Hill, North Carolina, in search of public accommodations and services which were extended to the general public; that their presence was objected to solely because they were Negroes, or in the company of Negroes; that in view of the pronouncements of the North Carolina Supreme Court in State v. Clyburn, 247 N.C. 455, 101 S.E.2d 295 (1958), by which all inferior courts are bound, the several courts of the State of North Carolina " * * * are totally inappropriate forums for the redress of defendant's constitutional rights * * *," and that the " * * * defendants cannot receive a fair trial in any of the Courts of the State of North Carolina and a trial of defendants in any of the Courts of the State of North Carolina, including the several Superior Courts and the State Supreme Court, is in and of itself a deprivation of the Privileges or Immunities, Equal Protection of the Laws and Due Process of the Law, as guaranteed by the Federal Constitution * * *."

The petitioners concede that there are no state constitutional provisions or state legislation that require a segregation of the races in licensed restaurants and other similar facilities. They further concede that there is no ordinance in the Town of Chapel Hill that requires such segregation.

State v. Clyburn, 247 N.C. 455, 101 S.E.2d 295 (1958), only deals with a State trespass statute which has been a part of the criminal code of this State for almost a century. The case simply holds that the operator of a private enterprise is free to select the clientele he will serve, and that one who remains on private premises "after being directed to leave is guilty of a wrongful entry even though the original entrance was peaceful and authorized." This same interpretation has been placed upon the trespass statute involved for more than seventy-five years. No case placing a contrary interpretation upon this or similar statutes has been cited or found.

The thrust of the petitioners' argument is that businesses catering to the public are public, rather than private, establishments, and that in any event the police power of the state cannot be used

890

to enforce private discrimination. The answer to this argument is that public restaurants and other similar facilities are uniformly held to be private enterprises and not burdened with the positive duty to prohibit unjust discrimination if such is carried out by the voluntary choice of the owner, and that no court has yet held that the Fourteenth Amendment to the Constitution of the United States bars the use of state criminal trespass laws to enforce private discrimination. Williams v. Howard Johnson's Restaurant, 4 Cir., 268 F.2d 845 (1959), and Slack v. Atlantic White Tower System, Inc., 181 F.Supp. 124 (D.C., Dis. of Maryland, (1960). The holding of the North Carolina Supreme Court in the Clyburn case is in accord with the uniform holdings of the Federal court with respect to the private character of restaurants and other similar facilities catering to the public, even though licensed by the state.

At the time of the hearing on March 17, 1964, the petitioners conceded that they had asserted no just cause as to why the state court should be divested of jurisdiction in the 542 cases not involving a violation of the state trespass laws, other than that these cases were closely related to the trespass cases and that all the cases should be tried together. Consequently, there can be no doubt but that these 542 cases were improvidently removed and should be remanded to the state court for trial.

It is well settled that 28 U.S. C.A. § 1443 authorizes the removal of a criminal case from a state court to a Federal court "only when the constitution or laws of the state deny or prevent the enforcement of equal rights secured to a party by the Constitution or laws of the United States, and not where the equal civil rights of citizens are recognized or are not denied by the constitution or laws of the state." 76 C.J.S. Removal of Causes § 94. It is only when "hostile state constitutional provision or state legislation can be shown to exist as to interfere with the party's right of de-

fense that he can have the case removed to the Federal court. * * * There is no right of removal under the statute where the alleged denial of, or inability to enforce, any such right results from the corrupt, illegal, or unauthorized administration of a state Constitution or laws which are not discriminatory and apply to all citizens alike." 45 Am.Jur. Removal of Causes § 109. To the same effect are City of Birmingham, Alabama v. Croskey, 217 F.Supp. 947 (D.C., N.D. Ala., 1963), and State of Arkansas v. Howard, 218 F.Supp. 626 (E.D.Ark., 1963), and the cases cited in these decisions. As earlier noted, the petitioners do not claim, even with respect to the trespass cases, that there is any state constitutional provision or state legislation that requires a segregation of the races on either public or private facilities.

Even if the Supreme Court of the United States should later hold that the Fourteenth Amendment bars the use of state criminal trespass laws to enforce private discrimination, there is no reason to believe that such decision will not be respected by the courts of the State of North Carolina. In this regard, what was said by Judge Hayes in State of North Carolina v. Jackson, 135 F.Supp. 682 (D.C., M.D.NC., 1955) bears repeating here:

"This court will not presume that the courts of the state will not decide constitutional questions in harmony with the United States Supreme Court's determination of the federal constitution. The federal constitution as interpreted by the Supreme Court of the United States is as binding on a state judge as it is on a federal judge, and it would be grossly improper for this court to presume that the state judges would refuse to uphold the law of the land."

With respect to the proper construction and application of the removal statute under consideration and the duty

of state court judges to support the Constitution and laws of the United States, the United States Supreme Court in Gibson v. Mississippi, 162 U.S. 565, 16 S.Ct. 904, 40 L.Ed. 1075 (1896), stated:

"* * * Whether a particular statute, which does not discriminate against a class of citizens in respect of their civil rights, is applicable to a pending criminal prosecution in a state court, is a question, in the first instance, for the determination of that court, and its right and duty to finally determine such a question cannot be interfered with by removing the prosecution from the state court, except in those cases which, by express enactment of congress, may be removed for trial into the courts of the United States. If that question involves rights secured by the constitution and laws of the United States, the power of ultimate review is in this court whenever such rights are denied by the judgment of the highest court of the state in which the decision could be had. As the judges of the state courts take an oath to support the constitution of the United States as well as the laws enacted in pursuance thereof, and as that constitution and those laws are of supreme authority, anything in the constitution or laws of any state to the contrary notwithstanding, 'upon the state courts, equally with the courts of the Union, rests the obligation to guard, enforce and protect every right granted or secured by the constitution of the United States and the laws made in pursuance thereof, whenever those rights are involved in any suit or proceeding before them'; and 'if they fail therein, and withhold or deny rights, privileges or immunities secured by the constitution and laws of the United States, the party aggrieved may bring the case from the highest court of the state in which the question could be decided to this court for final and conclusive determination.' "

■ In summary, since no discriminatory state statutes or constitutional provisions are claimed, it is abundantly clear that the petitioners must look to the state courts for the protection of any rights they might have under the Constitution and laws of the United States. If any such rights are withheld or denied, they may take their case to the North Carolina Supreme Court and then to the Supreme Court of the United States for "final and conclusive determination."

There are probably other infirmities in the removal petition that would bar the removal. The cases were all pending in the Superior Court of Orange County. They could only be tried in that court on an indictment returned by the grand jury, not on the local warrant on which they were arrested. None of the cases had been presented to or considered by the grand jury at the time of the removal. The petitioners were unable to suggest how the cases could be tried in this court. Additionally, the removal petition was not verified by any defendant and the nature of the charges pending against each defendant was not specified. No state court records of any character were transferred to this court. Under these circumstances, there is serious doubt that the removal petition complies with the standards prescribed by Maryland v. Soper, 270 U.S. 9, 46 S.Ct. 185, 70 L.Ed. 449 (1926). However, these questions need not be decided since all the cases must be remanded on other grounds.

For the reasons stated, it is concluded that the cases were improvidently removed and that this court is without jurisdiction. An order will be entered remanding all the cases to the Superior Court of Orange County, North Carolina, for trial or other disposition according to the laws of the State of North Carolina.