David **ROBINSON** et al., Appellants,

v.

**STATE OF FLORIDA**, Appellee.

No. 21490.

United States Court of Appeals
Fifth Circuit.

May 11, 1965.

Arthur Kinoy, New York City, Tobias Simon, Miami, Fla., William M. Kunstler, New York City, for appellants.

George R. Georgieff, Asst. Atty. Gen., Earl Faircloth, Atty. Gen., Tallahassee, Fla., for appellee.

Before TUTTLE, Chief Judge, and PHILLIPS,* and WISDOM, Circuit Judges.

BY THE COURT:

On the motion of Appellants that this Court summarily reverse the order appealed from and direct the district court

* Senior Circuit Judge of the Tenth Circuit, sitting by designation.

to dismiss the prosecutions pending against petitioners forthwith,

It appears that no response has been filed to this motion. Moreover, it appears that the appellee has filed no brief in this Court on the merits, which under the rules of this Court should have been filed in December 1964, and it further appears that the Attorney General of the State of Florida has no interest in this case as Appellee. It is, therefore, appropriate for the Court to make proper disposition of this appeal in light of this Court's decision and opinion in Rachel, et al. v. State of Georgia, 5th Cir., 342 F.2d 336, decided March 5, 1965.

We conclude, in light of the passage by the Congress of the Civil Rights Act of 1964 that the order of remand is an appealable order and that, therefore, this Court has jurisdiction of the cause. We also conclude that, in light of the provisions of the Civil Rights Act of 1964 as construed by the United States Supreme Court in Katzenbach v. McClung, 85 S.Ct. 6, 13 L.Ed.2d 15, all prosecutions under Florida statutes that authorized the arrest of persons seeking service in restaurants or other public places covered by the Civil Rights Act because of a policy of the owner of such place of public accommodation to deny service on account of race can no longer be maintained. Hamm v. City of Rock Hill, South Carolina, 379 U.S. 306, 85 S.Ct. 384, 13 L.Ed.2d 300.

As we concluded in the Rachel case, 342 F.2d 343, "Under the allegations of the petitions in the present case, these appellants have been denied, because of State legislation, 'a right under * * * [a] law providing for the equal civil rights of citizens of the United States.' They are entitled to a federal forum as provided for in 28 U.S.C.A. § 1443(1) in which to prove these allegations. If the allegations are proved, then the federal court acquires jurisdiction for all purposes. Under normal circumstances the state prosecutions would then proceed in the federal court. Here, however, the finding of the jurisdictional fact immediately brings the Hamm case into play.

The same fact determination requires dismissal rather than further prosecution in the District Court."

Upon remand, therefore, the trial court should give appellants an opportunity to prove the allegations in the removal petition, if this has not already been accomplished by the hearing heretofore held, as to the purpose for the arrests and prosecutions, and in the event it is established that the removal of the appellants from the various places of public accommodation was done solely for racial reasons, then under the authority of the Hamm case it would become the duty of the district court to order a dismissal of the prosecutions without further proceedings.

The order of remand must be vacated and the case remanded to the district court for further proceedings not inconsistent with this opinion.