**CITY OF CINCINNATI, OHIO, Respondent,**

v.

**Robert William WEAVER et al., Petitioners.**

**Cr. A. No. 10939.**

United States District Court
S. D. Ohio, W. D.

Aug. 30, 1965.

William A. McClain, City Sol., Stanley Cohen, Asst. City Prosecutor, Cincinnati, for respondent.

Webster W. Posey, Cincinnati, Ohio, for petitioners.

JOHN W. PECK, District Judge.

Petitioners herein stand charged in the Municipal Court of Cincinnati, Ohio, and have removed the cases to this court under the provisions of Sections 1443 and 1446 of Title 28, United States Code. Respondent has filed its motion to dismiss that petition and to remand the cause to the Municipal Court, and it is that motion which is herein considered.

As a preliminary observation, notation is made of the fact there are sixteen individual petitioners, and that their petition establishes the fact that each stands individually charged in a separate action in the Municipal Court. 28 U.S.C. § 1443 provides that in certain circumstances an action "commenced in a State court may be removed by the defendant to the district court of the United States" for the appropriate district. Thus if Section 1443 were otherwise applicable any or each of the sixteen petitioners would be entitled to remove, but the section would not appear to give individual defendants a right to jointly remove their separate actions. Of the cases in which removal has been accomplished or attempted under this section which research has discovered, only in State of N. Car. v. Alston, 227 F.Supp. 887 (M.D. N.C.1964) have multiple separate actions in the original court been removed in a single proceeding in the District Court. In that case, removal was by what was referred to as a "consolidated petition," but the action was remanded as having been improperly removed without discussion of this point. While grave doubts here exist as to the propriety of the removal of the sixteen actions here under consideration, in view of the con-

clusion hereinafter reached no opinion is expressed on this point.

In Alston, supra, the remand was on the basis of the fact that no hostile state constitutional provision or statute was shown to exist, and no claim is here presented by petitioners with reference to the legislative basis of the charges. In each of the sixteen instances, the petition for removal alleges the charge to have been a violation of Sections 901–A5, 901–D4 and 901–R2 of the Code of Ordinances of the City of Cincinnati and Section 2909.21, Revised Code of Ohio. These sections prohibit trespassing upon lands or premises of another and there is no suggestion they are discriminatory or in any other respect improper or unconstitutional enactments.

In City of Clarksdale, Mississippi v. Powers, 237 F.Supp. 213 (N.D.Miss., Delta Div., 1964) an action removed under this section was remanded on motion, the court stating that a denial of civil rights must result from the provisions of the state constitution or statutes as construed by the highest court of the state rather than by actions of state officials or individuals where such acts are not authorized by state law. The court there pointed out that whatever denial of rights may have arisen from the actions of state officials which were not authorized by state laws created a right to remedy in the state courts and in the Supreme Court of the United States.

Removal was denied in Hull v. Jackson County Cir.Ct., 138 F.2d 820, 821 (6th Cir. 1943). While not entirely in point the decision indicates the position of this Circuit in the general premises. Reference is similarly made to Virginia v. Rives, 100 U.S. 313, 25 L.Ed. 667 (1879) and to Com. of Kentucky v. Powers, 201 U.S. 1, 26 S.Ct. 387, 50 L.Ed. 633 (1905).

The extensive petition for removal goes into great detail in setting forth the alleged circumstances preceding and subsequent to the arrest by Cincinnati Police of the sixteen petitioners. Complaint is made of the fact that high-ranking police officials felt it necessary to personally be on the scenes of threatened disturbances, of the manner in which the arrests were made, and violations of civil rights are claimed to have resulted from the photographing of the defendants after arrest. In this regard, counsel for the petitioners acting as an affiant in their behalf has offered as his opinion that this procedure differed from that usually followed by Cincinnati authorities in similar situations.

Assuming for present purposes all of these allegations of the petitioners, the fact remains that none of these procedures have anything to do with or were conducted under the control of the court from which removal to this tribunal has been effected. If the petitioners have indeed been deprived of civil or other rights, adequate remedies for redress exist. City of Clarksdale, Mississippi v. Powers, supra. Such arguments as those presented by petitioners lose sight of the basic and historic American division of governmental functions into three branches of government, namely, the executive, the legislative and the judicial.

The police function is under the direct control of the municipal executive department, of which it is a part. No member of the judicial department of government, be it a judge of the Cincinnati Municipal Court or a judge of any other court, including this one, has the right to tell a police or administrative official how to do today's job, even though in a properly presented case such judge may have the right to render judgment against such official for improperly doing his job yesterday. It is to that possibility that we referred in suggesting the availability to petitioners of right of redress for any wrongs that occurred, entirely separate from this action.

Petitioners further complain that "acts and statements by the prosecution" constitute probable cause to believe that they cannot receive a fair trial in the Cincinnati Municipal Court. Albeit that all of counsel are officers of the courts before which they appear, the fact remains that the prosecuting attorney in his courtroom roll is no more nor less than the

attorney for one of the parties. In that roll, except that he may not exceed the limitations established by the Code of Ethics, he like any other lawyer, including counsel for the defense, may make any pretrial statement he wishes. For example, it is not uncommon for a county prosecutor to publicly state that he has strong evidence to prove a defendant guilty of murder and will demand the death penalty. By no stretch of the imagination could it be suggested that a trial judge of that county could not fairly hear the case simply because an attorney for one party made such statements. It is further pointed out that were these cases to proceed in this court, the prosecution would be here represented by the same attorneys, and there is no reason to believe that this court would be more or less affected by their actions or statements than would the Municipal Court of Cincinnati.

■■ The petition for removal cites it to have been filed pursuant to the provisions of Sections 1443 and 1446 of Title 28 of the United States Code. However, Section 1446 is merely procedural, and if the right of removal exists it must be under the provisions of Paragraphs (1) and (2) of Section 1443. A careful reading of those sections and of the allegations of the Petition for Removal, again accepting them for present purposes as true, fails to indicate how there has been or prospectively may come into existence any deprivation of civil rights within the contemplation of that section.

Reference has hereinbefore been made to petitioners' complaints as to the actions and statements of members of the administrative branch of the city government. In addition, some complaint is made as to judicial actions, including such purely discretionary matters as the granting or refusal of continuances. No opinion is here expressed as to the position of this Court were an abuse of discretion to be shown, since that question is clearly not before us.

As hereinabove stated, the sixteen defendants are charged with a violation of stated ordinances of the City of Cincinnati and of a stated statute of the State of Ohio. The issues created under the charges against the sixteen individual defendants are clear and concise, and do not even possess the complicated legal problems with which all trial courts, including the judges of the Municipal Court of Cincinnati, are daily confronted.

■ In general reference to the court from which removal has been made, it seems fair and proper to judicially notice the fact that the Municipal Court of Cincinnati is a tribunal of dignity and stature. Until the contrary is shown, it is presumed that fair trials of the sixteen cases which are the subject of this proceeding may be had in that court. Accordingly,

It is ordered that the respondent's Motion to Dismiss Petition for Removal and Remand should be and it is hereby granted, and this cause is hereby remanded to the Municipal Court of Cincinnati, Ohio.