**STATE OF ALABAMA, Plaintiff,**

v.

**Norman MEANS, Defendant.**

**No. CR 65-147.**

United States District Court
N. D. Alabama, W. D.

Aug. 30, 1965.

Lewis Lackey, Dist. Atty., Tuscaloosa County, Tuscaloosa, Ala., for the State of Alabama.

Oscar W. Adams, Jr., Birmingham, Ala., for Norman Means.

## MEMORANDUM OPINION

ALLGOOD, District Judge.

The defendant, Norman Means, by way of verified petition filed in this court, seeks to effect a removal to this court of a criminal prosecution pending against him in the Circuit Court of the Sixth Judicial Circuit of Alabama, Tuscaloosa, Alabama, under the provisions of 28 U.S.C. § 1443. The defendant, in the petition filed in this court, alleges that he was arrested and is being prosecuted under the laws of the State of Alabama for the crime of murder; that he is being prosecuted for acts done under color of authority derived from the first and fourteenth amendments to the Constitution of the United States and 42 U.S.C. §§ 1981 and 1983, and for refusing to do acts on the grounds that they would be inconsistent with the aforementioned provisions of the Constitution of the United States and the United States Code; and that he is denied and cannot enforce, in the courts of the State of Alabama, his rights under the Constitution and laws of the United States providing for the equal civil rights of citizens thereof, because Negroes are systematically excluded from the jury rolls and the jury box of Tuscaloosa County, Alabama, and law enforcement officers, including members of the judiciary, of the City of Tuscaloosa and of the County of Tuscaloosa have demonstrated a sustained and persistent effort to enforce a state policy of segregation and discrimination against negro citizens.

On August 6, 1965, a hearing was conducted in Tuscaloosa, Alabama, on motion to remand filed by the State of Alabama, Respondent (plaintiff). The submission is upon the oral evidence given in open court, all of the record and exhibits in Case No. C.A. 64–339, filed June 12, 1964, and heard by this court in Tuscaloosa, Alabama, on June 22, 1964, the exhibits filed by the defendant with his petition for removal, and the pleadings of the parties.

The defendant, Norman Means, was arrested on June 14, 1964, after he had shot and killed a deputy sheriff in the city of Tuscaloosa, Alabama. On June 22, 1964, the Grand Jury of Tuscaloosa County, Alabama, returned an indictment against the defendant, charging him with the crime of murder. Thereafter, the defendant filed a motion to quash the indictment on the ground that Negroes in Tuscaloosa County had been systematically excluded from the jury rolls of the county. After a hearing on the motion, the Circuit Court of Tuscaloosa County quashed the indictment. In its order quashing the indictment the Circuit Court ordered the Tuscaloosa County Jury Commission to make up a new jury roll which would meet the requirements of the United States Supreme Court in its decisions prohibiting the systematic exclusion of Negroes from jury service in the State of Alabama and in many other states. Thereafter, the Jury Commission compiled a new jury roll from which a new Grand Jury of Tuscaloosa County, Alabama, was drawn.

On May 13, 1965, the newly impaneled Grand Jury also returned an indictment against the defendant, charging him with the crime of murder. The defendant again filed a motion to quash the new indictment on the identical ground that was alleged in his first motion. The defendant's second motion to quash the indictment which had been returned against him by the newly impaneled Grand Jury was submitted to this court as an attachment or exhibit to the petition for removal filed by the defendant. The hearing before the Circuit Court on the defendant's second motion to quash the indictment was held on June 9, 1965, and June 10, 1965. At that hearing it was determined that the jury roll, from which the newly impaneled Grand Jury was drawn, had been properly prepared and that eligible Negroes had not been systematically excluded therefrom. Accordingly, the defendant's motion was denied.

No motion for a change of venue has been filed and no request for such change has been made.

The facts and circumstances surrounding the defendant's arrest for the crime of murder are substantially as follows:

During the early morning hours of June 14, 1964, the defendant, accompanied by two Negro companions, was driving his automobile upon the city streets in Tuscaloosa, Alabama. At approximately 2:00 a. m., on said date, the defendant was stopped by a deputy sheriff and was asked by the deputy to produce his driver's license. The defendant did not have a driver's license; the deputy then told the defendant to get out of the car and come to his car, where he would write out a ticket for the offense of driving without a state driver's license. The fatal shooting occurred a short time later, when the defendant and the deputy got out of the deputy's car and a fight ensued. During the course of this struggle with the defendant, the officer fell to the ground and the deputy's revolver was seen on the ground out of reach of both parties. The defendant reached the gun first and the deputy ran; he was chased by the defendant and shot in the back. The deputy continued to run and disappeared between two houses where he was later found in a dying condition.

There is no allegation or statement in the petition for removal indicating that the defendant was, at the time of the fatal shooting or at any other time, involved in the civil rights demonstrations which had taken place in the city of Tuscaloosa during the months preceding the arrest of the defendant on June 14, 1964. The defendant, however, alleges that he was stopped by the deputy sheriff and asked for his driver's license because he is a Negro, and that the action of the deputy sheriff in stopping him was in furtherance of a persistent effort on the part of law enforcement officers of the city and county of Tuscaloosa to intimidate and break the spirit of Negro demonstrators in the city of Tuscaloosa, Alabama.

At the hearing on the defendant's petition for removal, this court did not allow the defendant to put on any witnesses in support of the allegations contained in his petition because of the reasons hereinbelow set forth. Thus, the question is whether the petition for removal, pursuant to which the criminal prosecution of defendant has been removed to this court, adequately states a basis for removal under the provisions of 28 U.S.C.A. § 1443. Cox v. State of Louisiana, 348 F.2d 750 (5th Cir., June 29, 1965); Rachel v State of Georgia, 342 F.2d 336 (5th Cir., 1965).

■ Defendant's first contention is that he is entitled to have his case removed to this court under the provisions of 28 U.S.C. § 1443(2) because he is being prosecuted for acts done under color of authority derived from the federal constitution and laws providing for equal rights, that is, the first and fourteenth amendments of the Constitution of the United States and 42 U.S.C. §§ 1981 and 1983, and for refusing to do acts on the grounds that they would be inconsistent with the aforementioned provisions of the Constitution of the United States and the United States Code. This allegation is inadequate to effect a removal of defendant's case to this court because there is no allegation in the petition for removal that defendant was acting in an official or quasi-official capacity. Peacock et al. v. City of Greenwood, Mississippi, 347 F.2d 679 (5th Cir., June 22, 1965); People of State of New York v. Galamison, 342 F.2d 255 (2d Cir., 1965), cert. denied 380 U.S. 977, 85 S.Ct. 1342, 14 L.Ed.2d 272. Furthermore, it is inconceivable to this court that defendant could or would suggest that the act for which he was arrested (homicide) was an " * * * act under color of authority derived from any law providing for equal rights."

■ Turning now to defendant's contention that he is entitled to have his cause removed to this court under the provisions of 28 U.S.C. § 1443(1) because he is denied and cannot enforce, in the courts of the State of Alabama, his rights under the Constitution and laws of the United States providing for the equal civil rights of citizens thereof, this court finds and holds that the allegations con-

tained in the petition for removal are insufficient to justify the removal of defendant's case to this court. The petition is completely devoid of any allegation that the alleged denial of defendant's federally protected rights, or his inability to enforce, in the courts of the State of Alabama, such rights, is because of the Constitution or statutes of the State of Alabama. There is no allegation in the petition for removal that the homicide statute of the State of Alabama, under which the defendant was arrested, or that any other statute or law of the State of Alabama, is being applied so as to deny him his rights under any provision of the Constitution or laws of the United States providing for the equal civil rights of citizens thereof. Peacock et al. v. City of Greenwood, Mississippi, supra, and Rachel v. State of Georgia, supra. The recent decision of the Fifth Circuit Court of Appeals, Cox v. State of Louisiana, 348 F.2d 750 (5th Cir., June 29, 1965), is distinguishable from the case at bar, because the petitioners in *Cox* were being prosecuted under state statutes, though valid on their face, for conduct protected by federal constitutional and statutory guarantees, or by both of them.

This court has read with great interest the very able opinion written by Judge McRae in companion cases of Goldie Eubanks, Sr., Harold Jenkins, Richard Alvin Eubanks and Carl Wilson Ginn v. State of Florida, D.C., 242 F.Supp. 472, respectively, Middle District of Florida, Jacksonville Division. In his wisdom Judge McRae stated:

> "Caution and judicial restraint, in situations of the kind now under decision, must be the watchwords of the courts in order to avoid the creation of bad law."

To this we might add, bad law that in the end might destroy the very principles for which it was created to help.

In the case at bar, the conduct for which defendant is being prosecuted in state court traverses the boundaries of that which is protected by any federal law providing for equal civil rights. Thus, it is apparent that this case has been improperly removed to this court and that the case should be remanded to the Circuit Court of the Sixth Judicial Circuit of Alabama, Tuscaloosa, Alabama, from whence it was removed.