The PEOPLE OF the STATE OF NEW YORK

v.

William EPTON, Defendant.

United States District Court
S. D. New York.
Nov. 10, 1965.

Frank S. Hogan, Dist. Atty. New York County, New York City, for plaintiff, Robert T. Hartmann, Joseph A. Phillips, New York City, of counsel.

COOPER, District Judge.

At the threshold of his criminal trial in the Supreme Court of the State of New York, County of New York, defendant-petitioner (by petition filed November 1, 1965) seeks in the main to have us, "pursuant to Title 28 U.S.C. Sec. 1443," remove the proceedings in order that he may have a hearing "concerning the basic denials of my right to counsel in a criminal trial and the sham indictment"; that the indictment be dismissed and a judicial direction that no further proceedings be held in the State Supreme Court unless "counsel of my choice is allowed to represent me."

The superseding indictment against defendant-petitioner, filed June, 1965, charges conspiracy by agreeing to participate in a riot; participating therein; conspiracy by agreeing to overthrow the government of the State of New York; advocacy of criminal anarchy. Penal Law of the State of New York, McKinney's Consol.Laws, c. 40, Secs. 580, 2090 and 161.

On October 26, 1965, in open Court presided over by a Justice of the State Supreme Court, Mr. Len Holt stated that although not a duly licensed member of the New York Bar, he was counsel of defendant's choice and sought admission for the purposes of this particular trial. After setting forth his reasons for the declination, the presiding Justice commented:

"I am not depriving the defendant of his right to counsel of his own choosing, but counsel of his own choosing means counsel recognized by the Courts of this State."

The Courts of the several states have power and control over attorneys who practice there (New York Judiciary Law, McKinney's Consol.Laws, c. 30, Sec. 90); Cohen v. Hurley, 366 U.S. 117, 81 S.Ct. 954, 6 L.Ed.2d 156 (1961).

In New York the admission of out-of-state attorneys to practice in a given case is left to the discretion of any court of record (Rules promulgated by the New York Court of Appeals, Rule VII, subd. 4).

CONCLUSIONS

We find no abuse by the trial Justice of that discretion.

The indictment is constitutionally sound. Gitlow v. People of State of New York, 268 U.S. 652, 45 S.Ct. 625, 69 L.Ed. 1138 (1925), Uphaus v. Wyman, 360 U.S. 72, 79 S.Ct. 1040, 3 L.Ed.2d 1090 (1959). See Peacock v. City of Greenwood, 347 F.2d 679, 681 (n. 5) (5th Cir. 1965).

Further, the alleged grievances as to the denial of petitioner's chosen counsel do not come within the purview of U.S. Code, Title 28, Sec. 1443, for defendant-petitioner is not being denied any right under any law providing for equal civil rights. People of State of New York v. Galamison, 342 F.2d 255 (2d Cir. 1965).

In summarizing its conclusions the Court of Appeals said (p. 271):

"When the removal statute speaks of 'any law providing for equal rights,' it refers to those laws that are couched in terms of equality, such as the historic and the recent equal rights statutes, as distinguished from laws, of which the due process clause and 42 U.S.C.A. § 1983 are sufficient examples, that confer equal rights in the sense, vital to our way of life, of bestowing them upon all."

The petitioner-defendant also asserts that "the sole purpose in bringing the criminal action against me is to prevent, impede and hamper my efforts

among the residents of Harlem, mostly black people, to assist them in securing their rights as afforded them by the Constitution of the United States." As we see it, the scope of inquiry upon the sufficiency of allegations in a removal petition filed under 28 U.S.C. § 1443(1) is whether the law therein impugned does, on its face, meet the statutory criteria for removal. Strauder v. West Virginia, 100 U.S. 303, 25 L.Ed. 664 (1879). No determination in this Circuit has held otherwise. See People of State of New York v. Galamison, supra, 342 F.2d at 266, 269 (n. 15). Petitioner, however, would have us adopt the rule of Peacock v. City of Greenwood, 347 F.2d 679 (5th Cir. 1965) interpreting § 1443(1) to permit removal where the application in a racially discriminatory manner of an otherwise valid state law would deny petitioner's equal civil rights, such allegations of denial to be tested at a hearing. In Peacock, the petition before the Court contained relatively detailed allegations. The Peacock holding must be understood in the context of the detailed allegations then before the court. There, as here, to the extent they reflect due process claims, the allegations are clearly insufficient. See also, People of State of New York v. Galamison, supra. There, unlike here, it was alleged that the state maintained a policy of depriving Negro citizens of equal protection of the laws. See City of Birmingham, Alabama v. Croskey, 217 F.Supp. 947 (D.C.Ala. 1963); see also, State of North Carolina v. Alston, 227 F.Supp. 887 (M.D.N.C. 1964); City of Clarksdale, Miss. v. Gertge, 237 F.Supp. 213, 219 (N.D.Miss. 1964). There, unlike here, the Court could properly construe the allegations to charge a discrimination based solely on race. See Robinson v. State of Florida, 345 F.2d 133 (5th Cir. 1965). Consequently, taken in context with the other allegations, we would hold petitioner's assertion to be insufficient to state a cause for removal under § 1443(1) even under the Peacock holding. As set forth above, however, the petition is insufficient under the standard adopted by the Supreme Court in Strauder v. West Virginia, supra and cases cited therein.

While not of itself dispositive, it occurs to us that the allegations cannot be fairly interpreted to charge that trial in New York State courts will be conducted in such a manner as to deprive petitioner of equal civil rights or be lacking in fundamental fairness.

 In essence, the issues as raised by this petition are insufficient to support federal removal under § 1443. Accordingly, a hearing is not warranted.

There being no Court reporter present at the open hearing on the occasion of the oral argument on the instant motion to remand (present: assistant district attorney, petitioner and Mr. Holt), this Court allowed petitioner to be represented by "counsel of [his] choice" (Mr. Holt) only for the purpose of this application, and fixed in open Court dates for the service and exchange of papers (agreeable to both sides) relating thereto.

Application for remand granted.