**STATE OF LOUISIANA**

v.

**Robert P. BROOME.**

**Crim. No. 17429.**

United States District Court
W. D. Louisiana,
Lafayette Division.

March 8, 1966.

Bertrand DeBlanc, Dist. Atty., Lafayette, La., for plaintiff.

Simon, Mouton & Trice, John Rixie Mouton, Lafayette, La., for defendant.

## RULING ON MOTION TO REMAND

PUTNAM, District Judge.

In this case petitioner Broome, a Caucasian, is charged with aggravated assault in the Fifteenth Judicial District Court of Louisiana, Vermilion Parish, allegedly committed upon one Elton Elzy.[1] A petition for removal to this court was filed, followed by a motion to remand in behalf of the State. An evidentiary hearing was ordered set for March 10, 1966, and on March 3rd this court ordered that petitioner file a statement of grounds upon which our jurisdiction was predicated pursuant to 28 U.S.C.A. § 1446(a) and F.R.Civ.P. Rule 8(a) (1), and a pretrial conference of attorneys to be held March 8, 1966.[2]

From copies of documents annexed to the petition for removal it appears that Elzy is a Negro, and that the charges stemmed from an incident which occurred at a theater operated by Broome in the town of Kaplan, Louisiana, on or about July 7, 1965.[3] An indictment was

---

1. LSA–R.S. 14:37 reads as follows: "Aggravated assault is an assault committed with a dangerous weapon.

    Whoever commits an aggravated assault shall be fined not more than three hundred dollars, or imprisoned for not more than two years, or both."

2. It was ordered that such statement set forth:

    "(a) The law of the United States 'providing for the equal civil rights of citizens of the United States' and the right asserted by him which is allegedly denied

under 28 U.S.C.A. § 1443(1); and (b) the law of the United States 'providing for equal rights' under color of which he claims to have acted in this instance and for which this criminal prosecution by the State of Louisiana has been brought."

3. These documents consist of pleadings in the matter entitled "Mr. and Mrs. Robert Broome v. Whitney 'Pete' Simon, et al." No. 11,258 of the docket of this court, which is a civil rights suit brought pursuant to Title 42 U.S.C.A. § 1983 against the Chief of Police and Mayor of the

finally returned against defendant by the Vermilion Parish Grand Jury on October 7, 1965 for the present offense.

Counsel for the petitioner informed the court by letter dated March 7, 1966 that there was no need to hold the scheduled conference on March 8th, or the hearing on March 10th, and submitted the question to the Court. This letter is attached and filed herewith.

We conclude that counsel have waived the evidentiary hearing on the motion to remand and do not oppose this motion. Although the letter states that this action is prompted by reason of the fact that in their opinion trial of the motion would necessitate an appeal to the United States Supreme Court, and this is not practical because of the financial condition of their client, the Court does not consider this reason to be valid, in view of the provisions of our laws providing for proceedings in forma pauperis, 28 U.S.C.A. §§ 672, 753, 1915, of which counsel are well aware.

■ We further conclude that the petition for removal in this case must be denied and the cause remanded to the State Court. The removal jurisdiction of federal district courts as prescribed by 28 U.S.C.A. § 1443 is available when the state prosecution is brought for the purpose of defeating the operation of the laws of the United States couched in

terms of equality, as distinguished from laws of which the due process clause and 42 U.S.C.A. § 1983 are examples, that confer equal rights in the sense that they are bestowed upon all citizens. People of the State of N. Y. v. Galamison, 2 Cir. 1965, 342 F.2d 255, cert. den., 380 U.S. 977, 85 S.Ct. 1342, 14 L.Ed.2d 272; Rachel v. State of Georgia, 5 Cir. 1965, 342 F.2d 336; Peacock v. City of Greenwood, 5 Cir. 1965, 347 F.2d 679; People of the State of N. Y. v. Epton, S.D.N.Y.1965, 248 F.Supp. 276; Forman et al. v. City of Montgomery, M.D.Ala.1965, 245 F.Supp. 17; Johnson v. City of Montgomery, M.D.Ala.1965, 245 F.Supp. 25.

■ On the face of the pleadings and attached documents, this case does not present such a situation. Any other view of the scope of § 1443 would, in every instance where a violation of due process or denial of equal protection is alleged, regardless of the merit of the charge, make the federal district court the only forum where such issues could be determined in the first instance, either by removal, by pretrial review of a state court determination, or by application for habeas corpus. Our dockets would be flooded with requests for hearings, and the orderly administration of justice by State tribunals would be, for all practical purposes, completely disrupted.[4]

The motion for remand is granted.

---

City of Kaplan, certain police officers of that city, the Sheriff of Vermilion Parish, Euda Delcambre, Elton Elzy and Trinity Universal Insurance Company, alleging many violations of the constitutional rights of plaintiffs. Subsequently, in this same suit, by supplemental petition, the United States is made a defendant for acts allegedly committed by agents of the Federal Bureau of Investigation in furtherance of a conspiracy against Mr. and Mrs. Broome. Damages are sought in the sum of $1,000,000.00.

4. State judges are required by law and the oath of office to follow constitutional standards in criminal cases. The fact that recent decisions of the U. S. Supreme Court have enlarged the scope of the application of such standards to State trials in many instances does not lessen the duty of the judge and prosecuting officials to be guided thereby. This court will not assume that any State trial

judge or prosecuting attorney will shirk this responsibility. The rule of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964); Ker v. State of California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); Brady v. State of Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Rideau v. State of Louisiana, 373 U.S. 723, 83 S.Ct. 1417, 10 L.Ed.2d 663 (1963); Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, 55 A.L.R.2d 1055 (1956), and other cases of more recent vintage are now completely binding in State as well as Federal prosecutions. We point out in this case that Brady, supra, may be of particular significance here in view of the allegations of Article 10 of the petition for removal.