STATE OF OHIO, ex rel., Arthur M. NEY, Jr., Prosecuting Attorney of Hamilton County, Ohio, Plaintiff,

v.

PJC, INC., et al., Defendants.

No. C–1–84–853.

United States District Court, S.D. Ohio, W.D.

Aug. 30, 1984.

Arthur M. Ney, Jr., Prosecuting Atty., Cincinnati, Ohio, for plaintiff.

Allen Brown, Cincinnati, Ohio, for defendants.

## ORDER GRANTING MOTION TO REMAND

SPIEGEL, District Judge.

This matter came on for consideration of plaintiff's motion to remand this removed case to the Common Pleas Court of Hamilton County, Ohio (doc. 8), which is opposed by defendants (doc. 10), to which plaintiff has replied (doc. 13).

This case is one of a trilogy surrounding a store known as The Cupboard in Cincinnati, Ohio. In addition to this civil nuisance action, there is pending, in the Hamilton County Court of Common Pleas, a criminal action based on pandering obscenity

charges. Following the initiation of the civil nuisance abatement action and the criminal action, defendants therein removed both proceedings to this Court, and filed a civil rights action in this Court. On the State of Ohio's motion to remand, Judge Rubin, of this Court, remanded the criminal action to the Hamilton County Court of Common Pleas. For reasons similar to those delineated in Judge Rubin's order in *State of Ohio v. P & N Loshin, Inc., et al.,* Criminal Action CR–1–84–58 (S.D.Ohio June 26, 1984), we conclude that we are without jurisdiction and are compelled to remand this matter to state court.

■ Title 28 U.S.C. § 1441 provides for removal of "any civil action brought in a state court of which the District Courts of the United States have original jurisdiction . . . ." This action was brought pursuant to Ohio Rev.Code § 3767, and is therefore not an action over which this Court would have original jurisdiction. Therefore, this action is not removable pursuant to 28 U.S.C. § 1441.

Neither do we think this action is properly removable under 28 U.S.C. § 1443.[1] The United States Supreme Court has set forth the requirements for removal pursuant to section 1443 as follows:

First, it must appear that the right allegedly denied the removal petitioner arises under a federal law "providing for specific civil rights stated in terms of racial equality." Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly

---

**1.** Section 1443 provides,

Any of the following civil actions or criminal prosecutions, commenced in a state court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a

right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1).

Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is "denied or cannot enforce" the specified federal rights "in the courts of [the] State." This provision normally requires that the "denial be manifest in a formal expression of state law," such as a state legislative or constitutional provision, "rather than a denial first made manifest at the trial of the case." Except in the unusual case where "an equivalent basis could be shown for an equally firm prediction that the defendant would be 'denied or cannot enforce' the specified federal rights in the state court," it was to be expected that the protection of federal constitutional or statutory rights could be effected in the pending state proceedings, civil or criminal.

*Johnson v. Mississippi*, 421 U.S. 213, 219–20, 95 S.Ct. 1591, 1595, 44 L.Ed.2d 121 (1975) (citations omitted). *See also City of Greenwood v. Peacock*, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966); *Georgia v. Rachel*, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966).

■ Quite plainly, this action does not deal with a right "arising under a federal law 'providing for specific civil rights stated in terms of racial equality.'" 421 U.S. at 219, 95 S.Ct. at 1595. Therefore, on that basis alone this action is not removable under the terms of 28 U.S.C. § 1443. As this action so clearly fails to meet the first requirement for removal we do not discuss the second requirement, *i.e.*, whether defendants can enforce their specified federal rights in state court. We acknowledge Judge Rubin's discussion of this issue and we concur that the Hamilton County Court of Common Pleas is "a tribunal of dignity and stature." *State of Ohio v. P & N Loshin, Inc.*, Criminal Action No. CR-1-84-58 (S.D.Ohio June 26, 1984) (slip op. at 4) (quoting *Cincinnati v. Weaver*, 245 F.Supp. 529, 532 (S.D.Ohio 1965) (Peck, J.)). However, we think Judge Rubin's holding

was properly limited to the issue of removal, as is our opinion here, and in no way impacts the jurisdictional issues that arise from the civil rights action pending in this Court.

■ To elaborate on this last point, we note that the civil rights action filed under 42 U.S.C. § 1983 by defendants herein, presents jurisdictional questions on the propriety of possible injunctive relief in this Court which, if granted, would necessarily disrupt judicial proceedings in state court. We are of the opinion that these issues remain viable notwithstanding the remand of both the criminal prosecution and the civil abatement of a nuisance action. It is well-established that 42 U.S.C. § 1983 is a proper avenue for seeking injunctive relief against state judicial proceedings in extraordinary circumstances. *Mitchum v. Foster*, 407 U.S. 225, 243, 92 S.Ct. 2151, 2162, 32 L.Ed.2d 705 (1972); *Cf. Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975). As a strategic matter, the defendants herein have attempted to establish federal jurisdiction under the § 1983 avenue as well as the § 1443 removal avenue. We see no merit in the contention that a ruling of an absence of jurisdiction under a narrowly interpreted removal statute precludes consideration of jurisdictional issues, spawned by *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and its progeny, incident to the § 1983 claim, particularly where, as here, no court has passed on the latter issues in ruling on the removal issue. Therefore, we expressly reserve decision on the issues concerning the availability of injunctive relief in the related civil rights action pending in this Court.

In accordance with the foregoing, we are unaware of a proper ground for removal of this action. Consequently, it is hereby ordered that this matter be remanded to the Hamilton County Court of Common Pleas.

SO ORDERED.